Arthur C. Aulisi, J.
In this action, plaintiff seeks to recover the sum of $6,250 as severance pay claimed to he due him upon the termination of his employment with defendant on January 31, 1971.
In May, 1970, plaintiff received a promotion to director of employee relation for defendant. This promotion, effective June 1, 1970, provided for a $7,500 annual salary increase with an unlimited expense account coupled with a requirement that he was to spend one to three days a week at defendant’s headquarters in New York City, and the balance of the week at defendant’s Canajoharie, New York, plant.
The first salary check received by plaintiff in June, 1970 indicated that the annual salary increase was only $5,000 a year instead of the $7,500 agreed upon. Upon inquiry, plaintiff was advised by his superior that he would have no expense account and that his new assignment required his relocation at defendant’s New York City office on a full-time basis. Whereupon, plaintiff notified defendant that he wished to continue to function as he did prior to June 1, 1970 and to relinquish the responsibilities acquired concurrent with his promotion on June 1, 1970.
Defendant contends that such notice by plaintiff constituted a resignation from his position depriving him of severance pay since employees who resigned their positions prior to July 1, 1970 were not entitled to severance compensation under defendant’s policy then in effect.
This contention is without merit. The uncontroverted proof reveals that plaintiff’s employment was not terminated until January 31, 1971. Moreover, in its answer defendant admitted the allegation in the complaint that plaintiff was employed by defendant at its Canajoharie plant from June 30, 1963 to January 31,1971.
*386 We now come to the remaining issue as to whether plaintiff is entitled to severance pay under defendant’s policy effective July 1, 1970, the pertinent language of which reads as follows: “ Severance compensation is allowed if * * * the resignation is for compelling personal reasons not motivated by * * * dissatisfactioii with some reasonable condition of employment * * * Severance compensation is allowed [if] an employee resigns because ill health in his immediate family necessitates his removal to another location where he will be unable to continue employment with the Company.”
On November 13,1970, plaintiff notified defendant of his decision to resign his position suggesting a termination date of January 10, 1971, to give defendant an opportunity to make arrangements for his replacement. Plaintiff actually terminated his employment on January 31,1971. At the trial plaintiff testified relative to the ill health of his father who had undergone surgery and was to live in the Gloversville area with plaintiff’s mother and that further surgery was anticipated and has since been performed.
Plaintiff claims that if he transferred to defendant’s New York City office on a full-time basis as required by the new assignment, he would not be in a position to take care of and render such aid and comfort to his father that the latter’s age and physical condition would warrant. The defendant contends that plaintiff did not qualify for severance pay under the July 1, 1970 severance pay policy since plaintiff’s resignation was for personal reasons motivated by dissatisfaction with the reasonable condition of employment that he transfer to New York City.
It is the opinion of this court that the ill health of plaintiff’s father and the necessity of providing a home for his parents, at a location where plaintiff’s care and assistance could and would be readily available to them, are compelling personal reasons not motivated by dissatisfaction with some reasonable condition of employment justifying his resignation within the meaning of defendant’s severance pay policy in effect at the time of plaintiff’s resignation.
Therefore, plaintiff qualifies for and is entitled to severance compensation iii the amount of $6,250 with interest from January 31, 1971.